## MATHEW KIMBLE *v.* THE STATE.

1. INDICTMENT.— ROBBERY is defined in article 722 of the Penal Code,
   and, under that definition, to constitute the offense the property
   must be taken either by assault, or by violence and putting in fear
   of life or bodily injury.    If it be by assault, violence and putting
   in fear may be omitted in the indictment, and if by violence and
   putting in fear, assault may be omitted.

2. SAME.— But where the indictment charges by "assault and putting
   in fear of bodily injury," though the indictment would be good on
   the ground of assault (treating "putting in fear" as surplusage),
   still if, as in this case, the ground of assault be abandoned, the
   conviction cannot be sustained on the other ground, because of the
   omission of the necessary descriptive term "violence" in the in-
   dictment.

3. FACT CASE.— See evidence held insufficient to sustain a conviction
   for robbery by means of assault.

APPEAL from the District Court of Guadalupe.    Tried
below before the Hon. E. LEWIS.

The opinion discloses the nature of the case, and sets
out the charging part of the indictment.    The punish-
ment assessed by the jury was a term of two years in
the penitentiary.

The injured party was the only witness examined, and
he testified in effect that he was a youth of fifteen years
at the date of this trial, May, 1882.    During the spring
of 1881, he was by himself on the San Marcos river, fish-
ing.    The defendant came to the river where he was,
watched him a while, and asked him if he had any other

lines and hooks. The witness replied that he had, and the defendant asked to see them. The witness handed him one, which he examined and proposed to borrow. The witness declined to lend it, and the defendant said: "If you won't lend it to me, I will take it, and give it back when I get through." The witness became frightened and started up the river to take up some lines he had staked out. The defendant followed him. Witness's line was staked out from a small peninsula which jutted into the river, and when he had recovered his line and started back, the defendant took a position with legs outstretched so that the witness could not pass without getting in the river. He had seen the witness's pocket-book, in which there was fifty cents in silver; he asked to see it. The witness was frightened and handed it to him. He examined it, and handed it back, saying that times were very hard, and he wanted to borrow the money. The witness told him that he did not want to loan it. Defendant insisted on borrowing it, saying that his brother was going to San Marcos that evening, and he wanted to send for some whiskey, that his name was Jeff Gray, and that he worked for Mr. Allbright, from whom he would get the amount and repay. The witness still refused, and the defendant, who was still between the witness and the main shore, said: "I have asked you like a gentleman to lend me the money, now if you don't lend it to me, I will take it from you," at the same time stretching his legs clear across the peninsula. There was no one in sight, and the witness, being afraid of violence, handed him the money. The defendant made no threats or demonstrations of violence towards the witness.

*Ireland & Burges,* for the appellant.

*C. Edmundson,* for the State.

HURT, J. This is a conviction for robbery. The charging part of the indictment is as follows: " Mathew Kim-

ble, late of said county, on the fifth day of July in the year of our Lord eighteen hundred, eighty-one, with force and arms in the county aforesaid, did then and there wilfully, unlawfully, fraudulently and feloniously, in and upon the person of Clayton McLelland make an assault, and him the said McLelland put in fear of bodily injury, and while so in fear of bodily injury from him, the said Kimble, the said Kimble did then and there unlawfully, fraudulently and feloniously, and against the will of the said McLelland, induce the said McLelland, by reason of said putting in fear, to deliver to him the said Kimble fifty cents," etc.

Article 722 of the Penal Code defines robbery as follows: "If any person, by assault, or by violence and putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary not less than two nor more than ten years."

It will be seen from this definition of robbery, that the taking of the property, to constitute robbery, must either be by assault or by violence and putting in fear of life or bodily injury. If by assault, violence and putting in fear may be omitted; and if by violence and putting in fear, the assault may be omitted. If, however, the indictment should charge (as does this) the assault and putting in fear of bodily injury, omitting the violence, it would be good, treating "putting in fear" as surplusage. But the assault is abandoned in this bill; because it alleges positively and affirmatively that McLelland was induced to deliver the money "by reason of said putting in fear." If, therefore, the State relied upon this ground, which is evidently the case, the indictment is not sufficient, for the plain reason that a necessary ingredient is omitted, to wit, *violence*.

When both grounds are relied upon, the indictment should charge that the defendant, by assault, and by vio-

lence and putting in fear of life and bodily injury, did, etc. Under this form of allegation, if either means by which the robbery was committed be proved, the conviction would be legal, because the charge covers both phases.

But, proceeding upon the hypothesis that the assault is not abandoned, this conviction cannot be sustained, the evidence failing, beyond question, to show any assault whatever. The State, because of thus being forced to rely upon the other ground, to wit, "putting in fear of bodily injury," must, to support a conviction on this ground, charge all of its elements. This is accomplished by alleging that the defendant by *violence* and putting in fear of bodily injury, took the money, etc.

We are of the opinion that the indictment is insufficient, and that the exceptions of the defendant should have been sustained. We are also of the opinion that if the indictment is sufficient by reason of the assault which is charged, still, there being no evidence of an assault, the verdict upon this phase of the indictment is not supported.

The judgment is reversed and the prosecution dismissed. *Reversed and dismissed.*